MARC P. BERGER
REGIONAL DIRECTOR
Sanjay Wadhwa
Gerald A. Gross
Paul G. Gizzi
James K. Hanson
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, New York 10281-1022
212-336-0077 (Gizzi)
Email: gizzip@sec.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        -against-<br><br>MATTHEW BENJAMIN and CLEAR SOLUTIONS GROUP, LLC,<br><br>                    Defendants. | **COMPLAINT**<br><br>20 Civ. _____ (     )<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Securities and Exchange Commission ("Commission"), Brookfield Place, 200 Vesey Street, Suite 400, New York, New York 10281, alleges as follows for its Complaint against Defendants Matthew Benjamin ("Benjamin") and Clear Solutions Group, LLC ("Clear Solutions") (collectively, "Defendants"), whose names and last known addresses are set forth below:

   a. Matthew Benjamin—Prospect Terrace, Tenafly, New Jersey 07670; and

   b. Clear Solutions Group, LLC—Prospect Terrace, Tenafly, New Jersey 07670.

**SUMMARY OF ALLEGATIONS**

1. Between 2017 and 2019, Benjamin and his company, Clear Solutions, a purported cosmetics reseller, defrauded investors of more than $900,000 by soliciting and selling securities using false and misleading statements.

2. To carry out the scheme, Benjamin falsely told investors that Clear Solutions was able to purchase cosmetics at wholesale prices and profitably resell them at a mark-up to a retailer. In truth, Benjamin and Clear Solutions did not conduct any such business. Moreover, Benjamin did not use investor funds as he represented; instead he misappropriated investor money for his own personal benefit.

3. Benjamin's scheme unraveled in late August 2019, and thereafter he confessed to investors that his purported business was a sham.

**VIOLATIONS**

4. By virtue of the foregoing conduct and as alleged further herein, Defendants Benjamin and Clear Solutions have violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

5. Unless Defendants are restrained and enjoined, they will engage in the acts, practices, transactions, and courses of business set forth in this Complaint or in acts, practices, transactions, and courses of business of similar type and object.

**NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT**

6. The Commission brings this action pursuant to the authority conferred upon it by Securities Act Sections 20(b) and 20(d) [15 U.S.C. §§ 77t(b) and 77t(d)], and Exchange Act Section 21(d) [15 U.S.C. § 78u(d)].

7. The Commission seeks a final judgment: (a) permanently enjoining Defendants from violating the federal securities laws and rules this Complaint alleges they have violated; (b) ordering Defendants to disgorge all ill-gotten gains they received as a result of the violations alleged here and to pay prejudgment interest thereon; and (c) ordering Defendants to pay civil money penalties pursuant to Securities Act Section 20(d) [15 U.S.C. § 77t(d)], and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)].

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to Securities Act Section 22(a) [15 U.S.C. § 77v(a)], and Exchange Act Section 27 [15 U.S.C. § 78aa].

9. Defendants, directly and indirectly, have made use of the means or instrumentalities of interstate commerce or of the mails in connection with the transactions, acts, practices, and courses of business alleged herein.

10. Venue lies in this District under Securities Act Section 22(a) [15 U.S.C. § 77v(a)], and Exchange Act Section 27 [15 U.S.C. § 78aa]. Defendants may be found in, are inhabitants of, or transact business in the District of New Jersey, and certain of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within this District including Benjamin's solicitation of investors.

## DEFENDANTS

11. **Benjamin**, age 53, is a resident of Tenafly, New Jersey. He is the principal of Clear Solutions. Benjamin has a background in cosmetics sales arising from his family's business activities.

12. **Clear Solutions** is a purported clothing and cosmetics company located in Tenafly, New Jersey.

## OTHER ENTITIES

13.     **Manufacturer** is a multinational cosmetics manufacturer of brand-name products.

14.     **Closeout Retailer** is a close-out retailer operating numerous stores in New Jersey and other neighboring states.

## FACTS

**I.      BACKGROUND TO THE SCHEME**

15.     Beginning in mid-2017 Benjamin began to solicit investments in Clear Solutions by telling investors that the company had agreements to purchase cosmetics at wholesale prices for resale to a retailer at a mark-up.

16.     Benjamin offered investors a series of promissory notes, which promised investors the return of their principal plus some interest and/or a portion of the profits generated. Benjamin led investors to believe the interest component of the note would be significant.

17.     For example, one of the notes, with Investor A, provided for a four-month loan of $76,500 with 15% interest.  Another note, with Investor B, included as investor compensation "a 50% equity 'kicker', in the form of a warrant to purchase 50% of the LLC interest in Clear Solutions Group."[1]

18.     To the extent Benjamin made payments to investors, the funds generally were simply a return of investors' principal.

---

[1]     Benjamin appears to have tailored this equity offer to Investor B, because the investor had entered into several prior deals with Benjamin in which the investor similarly received a percentage of the purported profits from cosmetic sales.

4

## II. BENJAMIN SOLICITS INVESTORS WITH FALSE STATEMENTS

19. As described in more detail below, when soliciting investors, Benjamin said he was in the business of purchasing and reselling clothing and/or cosmetics. This was false. Benjamin had no business purchasing and reselling products.

20. Benjamin falsely told investors that Clear Solutions was in the business of purchasing clothing and/or cosmetics at wholesale prices, and then profitably reselling those products at retail. While Benjamin's misrepresentations varied slightly among investors, they generally followed this pattern.

21. For example, in or around March 2018, Benjamin told Investor C that he would use the investment money to purchase products from Manufacturer and then resell those products to Closeout Retailer. Indeed, in an effort to authenticate his fraudulent scheme, Benjamin showed Investor C certain "invoices" purporting to be sales of tweezers, nail clippers and mascara to Closeout Retailer.

22. These representations were false and the invoices were fabricated. First, Clear Solutions did not engage in the transactions Benjamin described. Specifically, neither Manufacturer nor Closeout Retailer had ever done business with Benjamin, nor were there any arrangements for future business. Moreover, Benjamin simply fabricated the invoices that he showed to Investor C.

23. Nor did Benjamin use investor funds as he promised he would. Instead, Benjamin misappropriated investor funds to pay for, among other things, personal vacations and legal expenses for a family member.

## III. BENJAMIN'S SCHEME UNRAVELS

24. By August 2019, when Benjamin ran out of money and had no new investors, he

began admitting to investors in separate conversations that he had defrauded them.

25. First, on or about August 27, 2019, Benjamin admitted to Investor C that he had not made any purchases or entered into any deals with Closeout Retailer. Rather, Benjamin explained that he used the investor's money to "get himself [Benjamin] out of trouble" because he owed money to others. As Benjamin confessed: "I took your money and used it for something else."

26. Second in or about September 2019, Benjamin stated to Investor D that he perpetrated his fraud because he needed the money to pay for his son's legal expenses.

27. Third, on or about September 9, 2019, Benjamin wrote an email to Investor A stating that he was "not being honest" and that he had "no excuses" for his misconduct.

28. Starting in late August 2019, and continuing through October 2019, in an effort to avoid having investors report him to law enforcement, Benjamin made payments to certain investors from Clear Solutions' bank account.

29. Once Clear Solutions had no more funds, Benjamin continued to make small payments to investors from his own personal funds.

30. In total, Benjamin defrauded multiple investors out of more than $900,000.

## FIRST CLAIM FOR RELIEF
**Violations of Securities Act Section 17(a)**
**(Both Defendants)**

31. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1 through 30.

32. Defendants, directly or indirectly, singly or in concert, in the offer or sale of securities and by the use of the means or instruments of transportation or communication in interstate commerce or the mails, (1) knowingly or recklessly have employed one or more

devices, schemes or artifices to defraud, (2) knowingly, recklessly, or negligently have obtained money or property by means of one or more untrue statements of a material fact or omissions of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (3) knowingly, recklessly, or negligently have engaged in one or more transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

33.     By reason of the foregoing, Defendants, directly or indirectly, singly or in concert, have violated and, unless enjoined, will again violate Securities Act Section 17(a) [15 U.S.C. § 77q(a)].

## SECOND CLAIM FOR RELIEF
### Violations of Exchange Act Section 10(b) and Rule 10b-5 Thereunder
### (Both Defendants)

34.     The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1 through 30.

35.     Defendants, directly or indirectly, singly or in concert, in connection with the purchase or sale of securities and by the use of means or instrumentalities of interstate commerce, or the mails, or the facilities of a national securities exchange, knowingly or recklessly have (i) employed one or more devices, schemes, or artifices to defraud, (ii) made one or more untrue statements of a material fact or omitted to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (iii) engaged in one or more acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

36.     By reason of the foregoing, Defendants, directly or indirectly, singly or in concert, have violated and, unless enjoined, will again violate Exchange Act Section 10(b) [15 U.S.C.

§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that the Court enter a Final Judgment:

**I.**

Permanently enjoining Benjamin and his agents, servants, employees and attorneys and all persons in active concert or participation with any of them from violating, directly or indirectly, Securities Act Section 17(a) [15 U.S.C. § 77q(a)], Exchange Act Section 10(b) [15 U.S.C. § 78j(b)], and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)].

**II.**

Permanently enjoining Clear Solutions and its agents, servants, employees and attorneys and all persons in active concert or participation with any of them from violating, directly or indirectly, Securities Act Section 17(a) [15 U.S.C. § 77q(a)], Exchange Act Section 10(b) [15 U.S.C. § 78j(b)], and Rule 10b-5(b) thereunder [17 C.F.R. § 240.10b-5(b)];

**III.**

Ordering Defendants to disgorge all ill-gotten gains they received directly or indirectly, with pre-judgment interest thereon, as a result of the alleged violations;

**IV.**

Ordering Defendants to pay civil monetary penalties under Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]; and

V.

Granting any other and further relief this Court may deem just and proper.

Dated: New York, New York
July 1, 2020

    Marc P. Berger

    _____

    MARC P. BERGER*
    REGIONAL DIRECTOR
    Sanjay Wadhwa*
    Gerald A. Gross*
    Paul G. Gizzi
    James K. Hanson*
    Attorneys for Plaintiff
    SECURITIES AND EXCHANGE COMMISSION
    New York Regional Office
    Brookfield Place
    200 Vesey Street, Suite 400
    New York, New York 10281-1022
    212-336-0077 (Gizzi)
    Email: gizzip@sec.gov

  * Not admitted in District of New Jersey

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Rule 11.2, I certify that the matter in controversy alleged against the Defendants in the foregoing Complaint is not the subject of any other civil action pending in any court, or of any pending arbitration or administrative proceeding.

          Marc P. Berger

          _____
          MARC P. BERGER
          REGIONAL DIRECTOR
          Counsel for Plaintiff
          SECURITIES AND EXCHANGE COMMISSION
          New York Regional Office
          Brookfield Place
          200 Vesey Street, Suite 400
          New York, New York 10281-1022
          212-336-0077 (Gizzi)
          Email: gizzip@sec.gov

<u>Of Counsel</u>:
Sanjay Wadhwa
Gerald A. Gross
Paul G. Gizzi
James K. Hanson

## DESIGNATION OF AGENT FOR SERVICE

Pursuant to Local Rule 101.1(f), the undersigned hereby designates the United States Attorney's Office for the District of New Jersey to receive service of all notices or papers in this action at the following address:

> David E. Dauenheimer
> United States Attorney's Office
> Deputy Chief, Government Fraud Unit
> District of New Jersey
> 970 Broad Street, Suite 700
> Newark, NJ 07102

> SECURITIES AND EXCHANGE COMMISSION

> Marc P. Berger
> _____
> MARC P. BERGER
> REGIONAL DIRECTOR
> New York Regional Office
> Brookfield Place
> 200 Vesey Street, Suite 400
> New York, New York 10281-1022
> 212-336-0077 (Gizzi)
> Email: gizzip@sec.gov

Of Counsel:
Sanjay Wadhwa
Gerald A. Gross
Paul G. Gizzi
James K. Hanson