UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              **Plaintiff,**<br><br>      -against-<br><br>MATTHEW BENJAMIN and<br>CLEAR SOLUTIONS GROUP, LLC,<br><br>                             **Defendants.** | No. 20-cv-8037-BRM-ESK |

### FINAL JUDGMENT AS TO DEFENDANTS MATTHEW BENJAMIN AND CLEAR SOLUTIONS GROUP, LLC

**WHEREAS**, the Securities and Exchange Commission ("SEC") having filed a Complaint on July 1, 2020 (ECF No. 1) and Defendants Matthew Benjamin ("Benjamin") and Clear Solutions Group, LLC ("Defendants") having been served with the Summons and Complaint on August 13, 2020 (ECF Nos. 4-5);

**WHEREAS**, on _November 6_, 2023, the Clerk of the Court entered a Certificate of Default (ECF No. _12_) that Defendants and have not filed an answer or otherwise moved with respect to the Complaint herein, and noted the defaults of Defendants;

**WHEREAS**, the SEC has moved for entry of judgment by default against Defendants, and has indicated that it determined to withdraw the claims for civil monetary penalties;

**WHEREAS**, the Court has determined to grant the SEC's motion;

**NOW, THEREFORE:**

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

2

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, while it is appropriate to find Defendants liable for disgorgement of $900,000, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $45,908.45, the Court has determined to deem disgorgement and prejudgment interest satisfied by the restitution and forfeiture ordered against Defendant Benjamin in the parallel criminal action, *United States v. Benjamin*, No. 20-cr-1008 (D.N.J.).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: January 4, 2024

                                                                THE HONORABLE JAMEL K. SEMPER
                                                                UNITED STATES DISTRICT JUDGE